UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------X
LAWRENCE RAY,

             Petitioner,

     -against-

UNITED STATES OF AMERICA,

             Respondent.
----------------------------------------------X

MEMORANDUM AND ORDER
04 CV 0013 (ILG)

GLASSER, United States District Judge:

The petitioner seeks to vacate his conviction and sentence and proceeds pursuant to 28 U.S.C. § 2255 in an attempt to obtain that relief which is bottomed upon his assertion of ineffective assistance of counsel. The ineffectiveness claimed is the failure of his attorney to move to dismiss the indictment on the ground that he was promised immunity from prosecution by an FBI agent. He also challenges his sentence on an unspecified legal ground, namely, that the imposition of home confinement interferes with his ability to pursue business opportunities.

Upon receipt of his petition, and in accordance with Sparman v. Edwards, 154 F.3d 51, 52 (2d Cir. 1998), I extended an invitation to Thomas G. Roth, Esq. "to be heard and to present evidence, in the form of live testimony, affidavits or briefs." Mr. Roth submitted an extensive affidavit with relevant attachments on the basis of which alone, this petition should be dismissed. See United States v. Chang, 250 F.3d 79 (2d Cir. 2001). This petition is meritless on other well settled grounds, a recognition of which should have counseled against its filing. This is yet another of an endless stream of petitions in which the defendant makes no pretense of innocence of the crime of which he was convicted, but asserts some fanciful constitutional claim. See Friendly, Is

Innocence Irrelevant: Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev. 142(1970).

## Background

Ray was indicted together with 19 others in an indictment which charged two brokerage firms with the manipulation of the securities of U.S. Bridge of New York ("USBNY"), among others. He furthered the USBNY fraudulent scheme by agreeing to pay a $100,000 bribe to a bond brokerage firm executive to create the appearance that USBNY would be bonded and thus qualified to become the general contractor on large-scale construction projects. As a result, he was charged with conspiring to commit securities fraud and with committing securities fraud.

Until September 10, 2001, Ray was represented by Mr. Roth. At Ray's request, Mr. Roth was relieved as counsel by me after which, and until he pleaded guilty, Ray represented himself. I had urged Mr. Ray to obtain new counsel, notwithstanding his right to proceed *pro se,* which I advised against. He eventually did obtain new counsel to represent him at sentencing.

## Discussion

Strickland v. Washington, 466 U.S. 668, 694 (1984), instructs defendants similarly situated that they must show that: (1) counsel's performance was unreasonably deficient in the light of prevailing professional standards, and (2) there is a reasonable probability that the result of the proceeding would have been different but for counsel's deficiency.

To satisfy the first prong, the petitioner must show that the deficiency of counsel was so serious as to deprive him of the counsel guaranteed to him by the Sixth

Amendment.

To satisfy the second prong, the petitioner must show that he was prejudiced by counsel's ineffectiveness but for which the outcome of his case would have been different.

Ray can establish neither prong and a hearing is not necessary to arrive at that conclusion. A § 2255 petitioner must do more than make bare and vague conclusory assertions which are the assertions Ray makes here. The FBI agent who allegedly promised that he would not be prosecuted if he cooperated is not identified. The time when, and the place where such a promise was made is not specified nor is there any indication whether the agent's promise was made orally or in writing. He simply declares that the facts as he states them "are true to the best of his knowledge and belief." That is hardly enough to warrant a hearing.

In his affidavit, Mr. Roth swears that he urged Mr. Ray to make the motion he now decries was not made, and appends to his affidavit as Exhibit A, an affidavit in support of Ray's motion to dismiss dated March, 2001, which Ray refused to sign. Mr. Roth provides his own affidavit immediately thereafter explaining the circumstances leading up to his preparation of that affidavit for Ray and Ray's refusal to sign.

As has been indicated, Mr. Roth did not represent Ray at the time of his plea. Ray insisted upon representing himself. His unconditional plea of guilty waived his claim that counsel who represented him prior thereto rendered ineffective assistance. United States v. Coffin, 76 F.3d 494 (2d Cir. 1996), *cert. denied* by Coffin v. United States, 517 U.S. 1147 (1996). There, the Court wrote at 76 F.3d 498:

3

> Although Coffin complains of ineffective assistance of
> counsel, his specific complaints are directed towards his
> original counsel.... His claims relate to the legal assistance
> provided by his initial counsel prior to the guilty plea....
> Coffin's guilty plea effectively waived al ineffective assistance
> claims relating to events prior to the guilty plea.

Coffin is not distinguishable by the fact that Ray was representing himself when pleading guilty. He makes no claim that his plea was either involuntary or unknowing.

The principle which would declare the FBI agent's promise unenforceable even if one were made, would preclude any possibility that a motion to dismiss the indictment would have been granted, and thus precluded any possibility that the second prong of Strickland could be satisfied – namely, the outcome of the proceeding would not have been different. The principle to which reference was made was succinctly stated by Judge Selya in United States v. Flemmi, 225 F.3d 78 (1st Cir. 2000), as follows:

> Virtually by definition, a government agent possesses express
> authority to bind the government if - and only if - the
> Constitution, a federal statute, or a duly promulgated
> regulation grants such authority in clear and unequivocal
> terms.

Finally, his objection to the restrictions upon travel imposed incident to his sentence of home confinement is meritless.

For all the foregoing reasons, his petition is dismissed.

SO ORDERED.

Dated:   Brooklyn, New York
         February 18, 2004

_____
I. Leo Glasser

4

Copies of the foregoing memorandum and order were sent to:

Eric Corngold, Esq.
Assistant U.S. Attorney

Michael V. Gilberti, Esq.
Bonney Epstein & Gilberti, LLC
321 Broad Street
Red Bank, NJ 07701

Thomas G. Roth, Esq.
395 Pleasant Valley Way
West Orange, NJ 07052